## L. M. & E. M. COOK v. BURSON & GAINES.

Decided April 27, 1904.

**1.—Appeal Bond—Affidavit of Inability—Contest.**

Where the record shows that appellant's affidavit of inability to give bond on appeal from justice court was contested, no error is shown in dismissing for his failure to give it where the evidence on contest of his affidavit is not preserved in the record.

**2.—Same—Cost Bond.**

The fact that the rule made on contest of appellant's affidavit was to give a cost bond merely, and his appeal dismissed on failure to comply, does not authorize the conclusion that the evidence passed on by the court referred merely to his ability to give bond for costs and not for the judgment recovered against him below.

Appeal from the County Court of Navarro. Tried below before Hon. A. B. Graham.

*J. T. Williams,* for appellant.

No briefs for appellee.

KEY, ASSOCIATE JUSTICE.—This suit originated in the justice of the peace court, where the appellees obtained judgment against L. M. and E. M. Cook. E. M. Cook, one of the defendants, attempted to appeal to the county court, and in lieu of an appeal bond filed a pauper's oath.

At the next term of the court a motion was submitted to dismiss the appeal, for the want of an appeal bond. At the hearing of the motion, the court ruled that the defendant would be required to give a cost bond, and continued the case for that purpose. At the next term of the court, the defendant having failed to comply with the rule referred to, the court sustained the motion to dismiss the appeal.

There is no statement of facts in the record, but it is shown by bill of exception that the court heard testimony as to the ability of E. M. Cook to pay the costs, or give security therefor, which testimony, the bill of exception states, was in effect a contest of Cook's affidavit of his inability to give bond or pay costs. The evidence heard is not set out in the record.

The record discloses no reversible error. It being made to appear that the pauper's oath filed by appellant was contested, and the transcript failing to disclose the testimony submitted in the court below, appellant is not entitled to have the judgment of dismissal reversed. It may have been shown that the affidavit referred to was untrue, and appellant amply able to give the bond required by the statute; and if this was shown, the trial court committed no error in dismissing the appeal.

It may be conceded that the court had no right to make an order requiring the appellant to give a cost bond, or any bond, other than an appeal bond; but it is not shown that the order referred to resulted

in harm to the appellant. If the affidavit in lieu of the appeal bond was contested, and the court heard testimony thereon, as the bill of exception shows, the evidence referred to not being brought before this court, we must presume that it disproved the facts stated in the affidavit and authorized the court to dismiss the appeal. This being the necessary conclusion, the court might properly have dismissed the appeal at the first term; and the appellant has no ground of complaint because, instead of so doing, the court offered to permit him to prosecute his appeal, if he would give a bond for costs by the next term of the court. That action of the court seems to have been a matter of grace offered to the appellant, and if he did not see proper to avail himself of it, the court had the authority at the second as well as the first term to dismiss the appeal.

The judgment is affirmed.

*Affirmed.*