ON REHEARING.

(June 5, 1905.)

## PENNYPACKER v. LATIMER.

[81 Pac. 56.]

2. Under the facts of this case it is held that the plaintiff, appellant here, is estopped to deny the authority of the mortgagee, the Bunnell & Eno Investment Company, to collect the debt and release and discharge the security.

3. Where one of two parties must lose, that loss should fall upon the one whose action or conduct has induced or made possible such loss.

4. Necessity for recording assignment of mortgage in order to hold the purchaser of the mortgaged realty liable to the assignee after such purchaser has procured a release and satisfaction from the mortgagee, *quaere*.

(Syllabus by the court.)

AILSHIE, J.—A rehearing was granted in this case and counsel for the respective parties have filed additional briefs and reargued the case. The appellant has devoted most of his brief to a discussion of the proposition that it was unnecessary for the assignee of the note and mortgage to record his assignment, and that the recording laws of this state have no application to such an instrument, and that the assignee was not chargeable with negligence for a failure to record it. The view we take of this case makes it unnecessary for us to pass upon that question here. It would seem, however, that, under our recording laws, a purchaser of mortgaged realty who has neither actual nor constructive notice of the assignment of the mortgage and debt secured thereby would be justified in applying directly to the mortgagee, who appears by the official records to be the holder of the encumbrance upon his realty, and that he would be protected by law in procuring from the mortgagee such release of the encumbrance as would clear the record title. But we rest our decision upon an entirely different question, and therefore decline to pass upon this point. After a further examination of the case, we are of opinion that whether or not the defendant succeeded in establishing the agency of the Bun-

nell & Eno Investment Company to collect the principal and interest in this case for the assignee, sufficient facts and circumstances have been developed, as disclosed by the record, to justify a court of equity in applying the doctrine of estoppel to the assignee, Pennypacker. It is quite clear from the facts of the case that either the appellant or respondent must suffer the loss of the amount represented by this note and mortgage. Such being the case, by all the known rules of equity and good conscience, that loss should fall upon the one whose action and conduct, or inaction when action was necessary, has induced or made possible such loss. It seems to us that the conduct of the appellant has contributed the greater cause toward the loss in this case. The contract and agreement accompanying the assignment of the note and mortgage is as follows:

"For value received the Bunnell & Eno Investment Company hereby agrees as to the annexed note made by James F. Belk and Sarah M. Belk to said company or order for eight hundred and fifty 00-100 dollars, dated March 1, 1902, and secured by mortgage of even date therewith:

"First. That it will pay semi-annual interest thereon at the rate of six per cent per annum one day after the same becomes due in case of default in payment thereof by the maker.

"Second. That in the event of the nonpayment of the principal of said note when the same becomes due and payable it will pay to the owner and holder thereof within two years after its maturity eight hundred and fifty 00-100 dollars principal, or such part of said sum as may remain unpaid on said note.

"Third. That it will make such payments of interest and principal at the office of William McGeorge, Jr., Bullit Building, Philadelphia, Pennsylvania. Provided, that at any time the said The Bunnell & Eno Investment Company shall render to the legal holder of said note the sum of eight hundred and fifty 00-100 dollars principal or such part of said sum as may be unpaid thereon with accrued interest, the said holder shall thereupon indorse without recourse and deliver said note together with the mortgage securing the same, properly assigned to the said Bunnel & Eno Investment Company, or if he shall elect to do so, then this agreement shall become and henceforth be null and

void.   And provided also that any suit commenced by the holder
to collect said note or to foreclose the mortgage securing the
same before the expiration of two years from its maturity with-
out the consent in writing of the Bunnell & Eno Investment
Company, shall render this agreement void."

—and appears to be in the identical language of the agreement
considered by the supreme court of Texas in *Cunningham v. Mc-
Donald*, 83 S. W. 372, upon which appellant placed great re-
liance on the rehearing of this case.   Notwithstanding our great
respect for and confidence in that distinguished court, we are
unable to agree with it as to the meaning and import of this
instrument.   We think, rather, that the court of civil appeals of
that state took the correct view of this agreement.   (See *Cun-
ningham v. McDonald* (Tex. Civ. App.), 80 S. W. 871, and
81 S. W. 52.)   In the first place the appellant required the
Bunnell & Eno Investment Company to guarantee the payment
of the principal and interest as the same should fall due, and
while doing this the investment company, on the other hand,
required the stipulation that it should have the right to re-
purchase the notes and mortgage at any time within two years
after maturity, and obligated the appellant not to institute fore-
closure proceedings within that period of time under penalty of
forfeiture of the guaranty.   This certainly amounted to such
an interest retained in the paper thus transferred as to re-
quire a consideration passing from the appellant to the guar-
antor to satisfy and discharge it.   In other words, this interest
could only be paid for and satisfied by a surrender of the guar-
anty and obligation of the company to pay in case of default.
In the second place, under the contract of the mortgagor the
principal and coupon interest notes were made payable at the
First-National Bank of Butte, Montana; but Pennypacker, under
this agreement of guaranty and assignment, obligated the Bun-
nell & Eno Investment Company to pay all these notes within one
day after maturity at the office of William McGeorge, Jr., in the
Bullit Building, Philadelphia, Pennsylvania. It is evident from
this provision that the assignee, Pennypacker, did not contem-
plate dealing in any respect with the mortgagor, but looked en-
tirely to the mortgagee, the Bunnell & Eno Investment Com-

pany. It is clear that this paper could not be at the First National Bank in Butte at maturity and also at McGeorge's office at Philadelphia one day after maturity, and it is equally as clear to our minds that the appellant did not mean to hold the paper in Philadelphia until one day after maturity, and thereafter suffer a loss of interest for a period of seven or eight days that would be required for its transmission from Philadelphia to Butte and the return of the money therefor in case the guarantor failed to pay. It is a matter of such general practice, that we do not need to look to a court record to find evidence of it, that the owners and holders of such paper uniformly send out notice in advance of maturity to the person or corporation responsible therefor and from whom they expect to collect the same. In this case the appellant never at any time dealt with the respondent, nor did he ever attempt to collect either principal or interest from the respondent until after the failure of the Bunnell & Eno Investment Company, at which time his counsel considered it "eminently proper that the mortgagor should be informed" as to the insolvency of the mortgagee. The appellant has knowingly permitted the mortgagee to continue its relation and conduct toward the mortgagors and their successor, the respondent, the same since the assignment of the paper as before dealing with it as the lawful holder thereof, and has by his contract and conduct with the mortgagee encouraged and, in substance, enjoined on it the necessity of a continuation of that relation until now, in justice and fairness to the respondent, he should not be permitted to deny the authority of the mortgagee to collect the money and release and discharge the security. He would not disclose himself to or deal with the maker of the paper so long as the guarantor was solvent, and now he should not be permitted to disclose and assert himself as an indorsee before maturity, when to do so will be to force the owner of the security to pay the claim a second time.

There is sufficient evidence in the record to sustain the judgment in this case, and it will therefore be affirmed, with costs to respondent.

Stockslager, C. J., and Sullivan, J., concur.