## HOMAN J. WALSH v. GEORGIA PETERSON.

FILED FEBRUARY 9, 1900.   No. 9,077.

1. **Lost Note:** BURDEN OF PROOF: INSTRUCTIONS NOT PREJUDICIAL ERRORS. In an action to recover on a lost note, instructions in regard to the burden of proving the loss are not prejudicially erroneous, where it appears conclusively that the note was non-negotiable and had been delivered to the defendant.

2. **Authority of Agent:** PAYMENT OF PRINCIPAL BEFORE DUE. Payment by a debtor of the principal of his note, before due, to an agent of the payee who has neither the possession of the note nor authority to collect it, is made at the risk of such debtor.

3. ———: INTEREST: PRINCIPAL. Authority to collect interest on a debt does not carry with it an implied agency to collect the principal of the debt before it is due.

4. **Evidence:** CLAIM OF AGENCY: QUESTION OF MIXED FACT AND LAW. Where evidence adduced to support a claim of agency is disputed, the question is one of mixed law and fact for the consideration of the jury, to be aided by instructions from the court.

5. **Admission of Evidence:** ERROR WITHOUT PREJUDICE. The admission of evidence which could not have influenced the jury in the conclusion reached is, at most, error without prejudice.

6. ———: PORTION OF CONVERSATION: CROSS-EXAMINATION. Where a witness has related a portion of a conversation or transaction on his direct examination, he may be cross-examined as to the entire conversation or transaction.

ERROR from the district court of Lancaster county. Tried below before HALL, J.   *Affirmed.*

*Charles O. Whedon,* for plaintiff in error, argued that the law declared that a check drawn upon a bank must be presented within a reasonable time, at the end of

which time the risk terminated as to the drawer, and became the risk of the holder. If the holder, after such reasonable time, permitted the deposit to remain in the bank, and the bank failed, the loss must fall upon the holder, citing: Daniel, Negotiable Instruments, sec. 1590; *Taylor v. Sip*, 30 N. J. Law, 284; *Farwell v. Curtis*, 7 Biss. [U. S.], 160; Story, Promissory Notes [7th ed.], sec. 493; *Pur-. cell v. Allemong*, 22 Gratt. [Va.], 739; *Grange v. Reigh*, 93 Wis., 552; *Lloyd v. Osborn*, 92 Wis., 93; *Griffin v. Kemp*, 46 Ind., 176; *Himmelman v. Hotaling*, 40 Cal., 111; Tiedeman, Commercial Paper, 443.

On the question involved in first syllabus counsel cited: *Bouscaren v. Brown*, 40 Nebr., 722; *Burlingim v. Baders*, 45 Nebr., 673; *McAleer v. State*, 46 Nebr., 116; *Nelson v. Johansen*, 18 Nebr., 180; *Runge v. Brown*, 23 Nebr., 817; *Gilbert v. Saddlery Co.*, 26 Nebr., 194; *Grimm v. Robinson*, 31 Nebr., 540; *City of Plattsmouth v. Boeck*, 32 Nebr., 297.

A court should not give undue prominence to certain portions of the testimony to the exclusion of the rest. See *Markel v. Moudy*, 11 Nebr., 213; *Kersenbrock v. Martin*, 12 Nebr., 376; *City v. Beckman*, 23 Nebr., 677; *First Nat. Bank v. Lowry*, 36 Nebr., 290; *Rising v. Nash*, 48 Nebr., 597.

A principal is bound equally by the authority which he actually gives, and by that which, by his own act, he appears to give. See *Webster v. Ray*, 17 Nebr., 579; *Oberne v. Burke*, 30 Nebr., 581 and cases cited; *Lorton v. Russell*, 27 Nebr., 372; *Bais v. Bank*, 27 Nebr., 577; *Creighton v. Finlayson*, 46 Nebr., 457; *Brown v. Eno*, 48 Nebr., 538; *Columbus Buggy Co. v. Hurford*, 1 Nebr., 146.

*Ames & Pettis* and *Ernest C. Ames*, for defendants in error, argued that there was no testimony or evidence in the record anywhere that tended to show that Libbie Peterson was ever given express authority to act as agent for anybody.

An agent, unless specially authorized, can accept nothing but money; if he accepts checks and they are not

paid, the principal is not bound. See *Hall v. Storrs*, 7 Wis., 217; *Harlan v. Ely*, 68 Cal., 522, 9 Pac. Rep., 947.

Authority to receive money for interest does not *ipso facto* give authority to receive money for principal. Nor did an agent's authority to receive payment give him authority to receive it before due. See *Smith v. Kidd*, 68 N. Y., 139.

SULLIVAN, J.

This action was brought in the district court of Lancaster county by Georgia Peterson to recover of Homan J. Walsh on a lost note. From a verdict and judgment in favor of plaintiff, defendant prosecutes error.

In 1876 Libbie Peterson loaned Walsh $6,000, the loan being evidenced by promissory notes which were renewed from time to time. The money involved in the transaction was owned in part by the plaintiff and Mrs. Agnes Folsom. The three women were sisters and lived together in Council Bluffs, Iowa. In May, 1888, the sisters decided to sever their relations as lenders, and the defendant thereupon executed a new note to Georgia for $2,000, due in three years, and one to Mrs. Folsom for $1,000, due in three years. The balance of the $6,000 belonged to Libbie and was loaned by Walsh for her to a Mr. Sholes. The interest on the Walsh notes was payable semi-annually and fell due on the first day of May and the first day of November. Sholes always paid the interest on his loan to the defendant, who remitted it to Libbie. To her, also, was sent, either by check or draft, the interest on the notes given to plaintiff and Mrs. Folsom. In whatever form the remittances were made, the money was received by Libbie, who paid over to her sisters the amount which they were entitled to receive. When the defendant's notes fell due, the time for payment was extended two years and interest coupons covering the period of extension were made and delivered to the respective payees. When interest payments were

made through Libbie to her sisters, she invariably received from them the coupons paid and transmitted them to Walsh. On January 3, 1893, Walsh had on deposit in the Capital National Bank of Lincoln a large amount of money, and, wishing to reduce his indebtedness, he wrote to Libbie Peterson, stating: "Now I want to pay off and take up my note of $3,000, and inclose herewith my check for that amount. There will be some interest due on the note. Please return the note and I will figure the interest due and remit it to you." On receipt, by Libbie, of this letter and the check for $3,000 which was drawn on the Capital National Bank and made payable to her order, she went to the receptacle where the three sisters kept their valuable papers, took out the two notes belonging to Georgia and Mrs. Folsom, and sent them to Walsh. At this time Georgia was seriously ill and it was not deemed advisable to mention business matters to her. A few days afterwards, however, upon being advised of what had been done, she objected to receiving payment of the principal of the note before it fell due, and declared her intention to go to Lincoln to see Mr. Walsh, and insist that he keep the money until May, when the note would become due. Libbie communicated these facts to Walsh. He then proposed to discount the May coupon, and sent Libbie a check for the same less the discount. Some question was then raised as to the correctness of the interest computation. Walsh acknowledged that he had made an error and, on January 26, sent Libbie a check "to correct interest due." Pending these negotiations, Libbie had failed and neglected to deposit the checks received from Walsh. On January 21, 1893, the Capital National Bank failed, and passed into the hands of a receiver. The $3,000 check had not been indorsed or delivered to the plaintiff. After the bank failed, Walsh sent Libbie a blank claim to be by her filled out and filed with the receiver. At the time Walsh sent Libbie the $3,000 check he also sent her a New York draft issued by the Capital National Bank

which was to cover interest due on the Sholes loan. Walsh suggested to Libbie, when he wrote her regarding the matter of filing a claim with the receiver, that she hold his checks until it should be known what depositors would receive, but insisted that the New York draft be filed with the receiver at once as it was a claim against the bank.

The plaintiff, in her petition, declared on a lost note, and demanded judgment. Defendant, after admitting the execution and delivery of the note, denied the other allegations of the petition, and pleaded payment. This plea was denied by plaintiff. On the trial the court ruled that the burden of proof was on the defendant. This ruling is assigned for error. We think the court was right, and that the defendant is wrong. When the case was submitted to the jury there was no material fact in dispute touching the loss of the note. It was indisputably established that the note, when last seen, was in the hands of the defendant, and that it no longer possessed the qualities of a negotiable instrument. In our view of the case, the only controverted fact was that of payment, which depended solely on the agency of Libbie Peterson. If she was the duly authorized agent of plaintiff with power to receive the $3,000 check from defendant for the principal of the note months before it became due, then the loss must fall on plaintiff, otherwise on defendant. It appears that all interest payments, but one, made on the notes of plaintiff and Mrs. Folsom were sent to Libbie Peterson. The remittance, in each instance, was by a single check payable to the order of Libbie. The distribution of the proceeds could not be made until she cashed the check. When she paid over to her sisters the interest due them, they turned over to her the coupons which she would transmit to Walsh. Both Libbie and plaintiff testified that the remittances were made in this manner for the convenience of defendant. Walsh insists, however, that in receiving the checks and making the distribution Libbie was acting for plaintiff and Mrs.

Folsom. The business relationship of Libbie Peterson to the litigants at the time she received the $3,000 check, was, therefore, the vital issue in the case. The defendant contends that Libbie had been for years the agent of plaintiff in the collection of the interest coupons, and that she was, therefore, the agent of plaintiff with power to collect the principal of the note. We think this position is not tenable. It does not necessarily follow that because an agent is empowered to collect interest on a note, he has also authority to collect the principal. See *Phœnix Ins. Co. v. Walter*, 51 Nebr., 182; *Campbell v. O'Connor*, 55 Nebr., 638; *Bull v. Mitchell*, 47 Nebr., 647; *Richards v. Waller*, 49 Nebr., 639; *Cooley v. Willard*, 34 Ill., 68; *Wilson v. Campbell*, 110 Mich., 580; *Brewster v. Carnes*, 103 N. Y., 556. Especially is this true where the principal is paid to an agent before the debt falls due. See *Smith v. Kidd*, 68 N. Y., 130; *Thompson v. Elliott*, 73 Ill., 221; *Security Co. v. Graybeal*, 85 Ia., 543; *United States Bank v. Burson*, 90 Ia., 191; *Schenk v. Dexter*, 79 N. W. Rep. [Minn.], 526. Libbie Peterson did not have possession of the Walsh notes at the time the $3,000 check was sent to her; she was without apparent authority to receive payment on behalf of her sisters. Yet the check was made payable to her order. Why? That she might receive the proceeds, pay her sisters, receive from them the notes and transmit them to Walsh at Lincoln. She could not rightfully obtain the notes until they were paid in full. Walsh directed her to send them to him so that he might compute the interest due. Plaintiff, consulting her own interests and directing her own affairs, might not have been willing to turn over the note to the maker in a distant city before full payment had been made. When Libbie obtained possession of these notes she was apparently not acting on behalf of plaintiff or Mrs. Folsom. They were certainly not benefited by her act. On the contrary they were prejudiced. But even if they had been benefited, the act of Libbie would not bind them, unless it was actually or apparently authorized.

The plaintiff did not know what had been done until several days after the notes had been sent to Walsh. When advised of the facts, she repudiated the transaction, and sought to be restored to her former position respecting the indebtedness. Libbie had complied with Walsh's request without the knowledge or authority of the plaintiff, who had received neither the check nor any part of its proceeds. Indeed, until the check was delivered, indorsed by Libbie, the plaintiff could not claim it. It was not all hers; neither was it all Mrs. Folsom's. The plaintiff, when she learned that her note had been surrendered, declared that Walsh should have kept the principal until the whole debt matured, so that she might receive the interest for the full period the loan was to run. She repudiated the acts of her sister in receiving the principal of the debt and in returning the note to Walsh. Whether these facts and circumstances were such as to constitute Libbie the agent of plaintiff, were for the jury to determine, and the court did right in submitting the question to them for their consideration. When evidence adduced to support a claim of agency is disputed or the inference is doubtful, the question is one of mixed law and fact for the consideration of the jury, to be aided by proper instructions from the court. See 1 Am. & Eng. Ency. Law [2d ed.], 967; *Nichols v. Hail*, 4 Nebr., 210; *New England M. S. Co. v. Addison*, 15 Nebr., 335; *Hankinson v. Lombard*, 25 Ill., 572; *Morrison v. Whiteside*, 17 Md., 452; *Bradstreet Co. v. Gill*, 72 Tex., 115; *State v. Bristol Savings Bank*, 108 Ala., 3.

Defendant complains that undue prominence was given by the court in its instructions to the question of agency. We do not think so, because that was the vital and decisive question in the case.

Defendant asserts that he was prejudiced by the introduction of evidence showing that he was an officer of the Capital National Bank at the time of its failure. In any view we take of this evidence, we can not see that it had any weight with the jury, or that it could have exerted

any influence upon their decision. The most that can be said of it is that it was error without prejudice.

The further claim is made that the court permitted certain matters to be inquired into on the cross-examination of one of defendant's witnesses. In this there was no error. Defendant on direct examination drew out certain facts, and plaintiff on cross-examination, as she had a right to do, undertook to bring to light the whole transaction. See *Davis v. Neligh*, 7 Nebr., 84; *Stanton County v. Canfield*, 10 Nebr., 387; *Fosbinder v. Svitak*, 16 Nebr., 499; *Barr v. Post*, 56 Nebr., 698; *Black v. Wabash, St. L. & P. R. Co.*, 111 Ill., 351; *Vogel v. Harris*, 112 Ind., 494; *Gemmill v. State*, 16 Ind. App. Ct. Rep., 154, 43 N. E. Rep., 909; *Blake v. Powell*, 26 Kan., 320; *Home Ben. Ass'n v. Sargent*, 142 U. S., 691; 8 Ency. Pl. & Pr., 105.

Upon the whole case as presented we conclude that there is no prejudicial error in the record, and that the judgment should be

AFFIRMED.