### D. H. Cunningham v. Thula McDonald.

#### No. 1365. Decided December 5, 1904.

**1.—Note—Payment—Agency.**

The payee transferred a note and interest coupons, with a limitation of liability, by writing in which it undertook to pay the assignee interest thereon as it fell due, to pay the principal within two years from maturity, and reserved the right to reclaim the note on payment of principal and accrued interest. Held, (1) that there was no evidence that the assignor had authority from the assignee to collect the note as its agent from the fact that, having paid the latter several installments of interest as they fell due and received the coupons therefor, it afterwards collected such interest from the maker and delivered the coupons to him; (2) and if such dealing showed authority to collect interest as agent of the assignee no authority to collect the principal was to be implied therefrom; (3) that the contract transferring the note with guaranty and right to reclaim it gave the assignor no right to collect it while it remained in the hands of the assignee; (4) that if authorized to collect the note for the assignee the assignor was not thereby authorized to collect it before maturity; (5) that there was no evidence from the above transactions, in suit on the note by the assignee against the maker, that the payment by the latter of principal and accrued interest to the payee, before the maturity of the note, was made to one authorized by the holder to receive it. (Pp. 318, 321.)

**2.—Negotiable Instrument—Certain Day of Payment.**

A promissory note is not rendered nonnegotiable by the fact that the maker, promising to pay by a day certain, reserves to himself by its terms the right to pay sooner. (P. 321.)

Error to the Court of Civil Appeals for the Third District.

McDonald sued Cunningham and had judgment. Defendant appealed, and on affirmance obtained writ of error.

*F. W. Bartlett*, for plaintiff in error.—The verdict of the jury is not supported by the evidence, there being no evidence proving or tending to

prove that the Bunnell & Eno Investment Company was authorized by the defendant Cunningham to collect the note sued on by said defendant. Stuart v. Asher, 62 Pac. Rep., 1052; Hollinshead v. Stuart & Co., 77 N. W. Rep., 89; Murphy v. Barnard, 162 Mass., 72; Thompson v. Kyner, 74 N. W. Rep., 52; Fletcher v. Conn. Trust. Co., 85 N. W. Rep., 59; Conn. Trust Co. v. Trumbo, 90 N. W. Rep., 216; Garnett v Myers, 91 N. W. Rep., 400; Northern Counties Inv. Trust v. Edgar, 91 N. W. Rep., 402; Bagnell v. Walker, 46 S. W. Rep., 126; Biggerstaff v. Marston, 36 N. E. Rep., 785; Consterdine v. Moore, 91 N. W. Rep., 399.

General authority given to an agent to collect a note does not confer upon him the right to collect before the maturity of the note or at a time not authorized by its terms. Dillenbeck v. Rehse, 73 N. W. Rep., 1072; Barstow v. Stone, 52 Pac. Rep., 48; Walsh v. Peterson, 81 N. W. Rep., 853; Murphy v. Barnard, 162 Mass., 72; Chandler v. Pyott, 74 N. W. Rep., 263.

General authority given to an agent to collect a note does not confer upon him the right to collect without possession of the note. Smith v. Kidd, 23 Am. Rep., 157; McNamara v. Clark, 85 Ill. App., 439; Dodge v. Birkenfeld, 49· Pac. Rep., 590; 1 Jones on Mort., sec. 964.

One who in good faith takes before maturity a negotiable instrument in pledge as collateral security for present or future advances which he may make, will be protected as an innocent purchaser for value. Texas Banking Co. v. Turnley, 61 Texas, 369, 370; Brown v. Thompson, 79 Texas, 58; Kauffman & Runge v. Robey, 60 Texas, 310; Birket v. Elward, 74 Pac. Rep., 1100; City Bank v. Taylor, 60 Iowa, 66; Conn. Trust Co. v. Trumbo, 90 N. W. Rep., 216; 7 Am. and Eng. Enc. of Law, 1033, and authorities cited.

*A. B. Reynolds* and *Gibson & Bryant,* for defendant in error.—The terms of the guarantee given by the investment company to Cunningham having authorized the company to collect the coupons and note and account to him for the same, the company became his agent, and the court was authorized to submit the issue of agency to the jury, and the jury was justified in finding for appellee on that issue.

Where a note is· given for a fixed amount payable at specified time, and a deed of trust is executed at the same time to secure its payment, and the deed of trust provides that the payor has the privilege of paying $100 or any multiple of $100 at the time of any interest payment, and the note refers to the deed of trust, the two instruments will be taken and construed together, and the privilege given will make uncertain the. time of the maturity of the note and will destroy its negotiability.

Where the contract of guaranty changes the time of payment of a negotiable note, and also changes the place of payment, such changes destroy the negotiability of the note and make same subject to any valid · defense the maker might urge against the original payee. Patterson v.

Tuttle, 27 S. W. Rep., 758; Moran v. Wheeler, 26 S. W. Rep., 297, 27 S. W. Rep., 54; Parker v. Am. Exch. Bank, 27 S. W. Rep., 1071; Swearengen v. Buckley, 1 Posey (Texas) U. C., 421.

BROWN, Associate Justice.—The honorable Court of Civil Appeals failed to make such statement of this case as would enable this court to pass upon the question presented, therefore we must look to the statement of facts for the undisputed testimony, from which we make the following statement:

On the 1st day of November, 1898, J. E. McDonald and his wife, Thula McDonald, citizens of Limestone County, Texas, borrowed $725 from the Bunnell & Eno Investment Company, a corporation doing business in the city of Philadelphia, State of Pennsylvania, giving their note for the amount, payable at the office of the said company in the city of Philadelphia on the 1st day of December, 1905, bearing interest from the 1st day of December, 1898, at 6 per cent until maturity of the note, and, if not then paid, thereafter to bear interest at the rate of 10 per cent; the interest accruing before maturity was payable on the 1st day of December of each year, and for the annual interest for each year a coupon was attached to the note, which, after maturity, bore 10 per cent interest, and, in case it was put in the hands of an attorney, 10 per cent attorney's fee. To secure the note a deed of trust was given by McDonald and his wife on the land described in the petition, with power of sale and the usual stipulations, which are unnecessary to be stated here. On the 21st of March, 1898, the Bunnell & Eno Investment Company transferred and delivered the note to D. H. Cunningham, who paid it therefor its face value and accrued interest. The Bunnell & Eno Investment Company indorsed the note as follows: "Pay to the order of David H. Cunningham without liability except under the accompanying guarantee. The Bunnell & Eno Investment Company, W. S. Eno, President;" and at the same time executed the following written transfer and guarantee:

"For value received the Bunnell & Eno Investment Company agrees as to the annexed note made by J. E. McDonald and Thula McDonald to said company or order for seven hundred twenty-five 00-100 dollars, dated November 1st, 1898, payable December 1st, 1905, and secured by mortgage of even date therewith.

"First. That it will pay annual interest thereon at the rate of six per cent per annum one day after the same becomes due in case of default in payment thereof by the maker.

"Second. That in the event of nonpayment of the principal of said note when same becomes due and payable it will pay to the owner and holder thereof within two years after maturity seven hundred twenty-five 00-100 dollars principal or such part of said sum as may remain unpaid on said note.

"Third.   That it will make such payments of interest and principal at the office of William McGeorge, Jr., Bullit Bldg., Philadelphia, Pa.

"Provided, that if at any time the said Bunnell & Eno Investment Company shall tender to the legal holder of said note the sum of seven hundred and twenty-five dollars principal or such part of said sum as may be unpaid thereon with accrued interest, the said holder shall thereupon indorse without recourse and deliver said note together with the mortgage securing the same, properly assigned to the said Bunnell & Eno Investment Company, or if it shall elect not so to do then this agreement shall become and thenceforth be null and void.   And provided also that any suit commenced by the holder to collect said note or to foreclose the mortgage securing the same before the expiration of two years from its maturity without the consent in writing of the Bunnell & Eno Investment Company shall render this agreement void.   In witness whereof said Bunnell & Eno Investment Company has caused its corporate seal to be hereto affixed and this instrument to be signed by its president this 21st day of March, 1889.   The Bunnell and Eno Investment Company, W. S. Eno, President."

McDonald paid the interest which fell due December, 1898 and 1900, to the Bunnell & Eno Investment Company and received from it the coupons for the interest of each year.   McDonald died and his wife, having qualified as survivor of the community, paid the principal of the note on the 29th day of April, 1901, to the Bunnell & Eno Investment Company, but did not receive the original note, which was in the possession of Cunningham.

When the Bunnell & Eno Investment Company transferred and delivered the note and the deed of trust, there was no written transfer of the deed of trust, and the coupons for the interest were attached to the note, which coupons and note were retained by Cunningham until the interest for each year was paid to him for the years 1899, 1900 and 1901 by the Bunnell & Eno Investment Company, when the coupon for the year for which payment was made was delivered to that company.   No coupon was delivered until the money was paid thereon.   The Bunnell & Eno Investment Company did not have authority from Cunningham to collect the principal of the note except as the facts, hereinbefore stated, conferred that authority upon it.

The interest being in default, the substitute trustee, at the request of the holder of the note and under and in compliance with the trust deed, advertised the land for sale, when Mrs. McDonald instituted this suit to enjoin the sale, because the debt had been discharged and a writ of injunction was granted which, upon final trial, was made perpetual.   The court, by its charge, submitted to the jury the question whether the Bunnell & Eno Investment Company had authority from Cunningham to collect the debt, which is assigned as ground of error in this court, because there was no evidence submitted to the jury upon which they

could find that Cunningham had given authority to the Bunnell & Eno Investment Company to collect the principal of the debt.

To support the judgment in this case the defendant in error relies upon (1) the fact that the Bunnell & Eno Investment Company received from McDonald payment of three installments of interest and delivered the coupons therefor, and (2) upon the guarantee which the corporation gave to D. H. Cunningram at the time that it transferred the note. There is no evidence tending to prove that the Bunnell & Eno Investment Company collected the installments of interest as the agent of Cunningham. On the contrary, the guarantee that the interest should be paid by the company one day after each installment became due, and the undisputed testimony of David Cunningham that the interest was paid by the Bunnell & Eno Investment Company promptly as it fell due, indicates that the Bunnell & Eno Investment Company paid the coupons as they fell due, took possession of them as it had a right to do and collected from the makers of the note—not for Cunningham, but for itself. If, however, it were admitted that the corporation, acting as the agent of Cunningham, collected the interest from McDonald, that fact would not tend to prove that it had the authority to collect the principal of the note. How can it be inferred from the agency to collect the interest that the agency to collect the note existed? The one fact does not form a basis for the presumption of the other fact. Stewart & Co. v. Asher, 62 Pac. Rep., 1051; Walsh v. Peterson, 81 N. W. Rep., 853.

The terms of the guarantee relied upon as evidence of authority to collect the principal do not reserve to the Bunnell & Eno Investment Company any control over the note. It provides that after the lapse of a certain time the guarantor shall have the right to take up the note by paying the principal thereof, or, in case the holder of the note should refuse, then the guarantor should be relieved from the guarantee; but this does not in any way tend to prove that the Bunnell & Eno Investment Company retained any interest in or control over the note itself. The indorsement shows that the title to the note passed to the indorsee without limitation.

The controversy in this case is over the right of the corporation to collect the principal of the note, and does not involve the question of the collection of the interest coupons. At the time the payment was made the note was not due, and neither did the payor have any right at that time to make payment of any part or all of it under the terms of the deed of trust. If, therefore, it be admitted that the Bunnell & Eno Investment Company was the agent of Cunningham and had authority to collect the note when it should become due, the agent had no authority to receive the payment before maturity and the note was not discharged.

There is no testimony to support the finding by the jury that the Bunnell & Eno Investment Company had authority, at the time that Mrs. McDonald paid the principal of the debt, to collect it as the agent

of D. H. Cunningham. It was error for the court to submit to the jury the question of authority in the Bunnell & Eno Investment Company to act for Cunningham, for which error the judgment must be reversed and the cause remanded.

The defendant in error presents a cross-assignment of error in which it is claimed that the trial court erred in not giving a charge to the jury to the effect that the note was nonnegotiable. By the terms of the note the holder of it could demand payment only on the 1st day of December, 1905, unless by a failure to make payment of an installment of interest the whole debt should be matured; hence the time when the payee could demand payment was certain; and the reservation in the deed of trust of the right to the payor to make payments thereon at certain times did not destroy the negotiability of the instrument. Daniel on Neg. Inst., sec. 43; Mattison v. Marks, 31 Mich., 421; Buchanan v. Wren, 10 Texas Civ. App., 571, 30 S. W. Rep., 1077; Gill v. First Nat. Bank, 47 S. W. Rep., 751; National Bank of Commerce v. Kenney, decided at the present term of this court. The first three cases cited involve the question whether a note payable "on or before" a certain date is negotiable, and in each case it was held to be negotiable. In Buchanan v. Wren, Judge Key wrote a very clear and carefully prepared opinion upon the question, citing the authorities and supporting the proposition with sound reasoning, showing that such a note was not uncertain as to the date of its payment, although the payor of the note might have the privilege of discharging it at any time. In the case of Bank v. Kenney, Chief Justice Gaines used the following language: "It is usually said that in order to make an instrument negotiable under the law merchant, the time of payment must be certain. But a note payable 'on or before' a certain date is negotiable. The maker of such a note has the right to pay before the day named; but the holder can not demand payment before that day. So in that case, the time at which the maker may elect to pay is uncertain but the time at which the holder may demand payment is certain. It follows that if the holder has the absolute right to demand payment at a certain day, the note is negotiable." If the right to pay the note in full at any day at the option of the maker does not destroy the negotiability of the instrument, certainly the privilege to pay it or a part of it on certain specified days could not have that effect. The trial court did not err in refusing to give the requested charge.

It is ordered that the judgments of the District Court and the Court of Civil Appeals be reversed and that the cause be remanded to the District Court.

*Reversed and remanded.*