## TAYLOR v. THOMPSON et al. *
### No. 10824.

Court of Civil Appeals of Texas. Dallas.
April 25, 1931.

Rehearing Denied May 30, 1931.

Renfro, Ledbetter & McCombs, of Dallas, for appellant.

Thomas, Storey & Grady and R. G. Storey, all of Dallas, for appellees.

### VAUGHAN, J.

Appellant, Frank F. Taylor, instituted this suit against appellees, Oran Terry Thompson, H. E. Byrne, J. C. Hunt, Security National Bank, Mrs. Pearl C. Perry, and F. I. Perry, to recover against appellees Thompson and Byrne on a promissory note in the sum of $9,400 executed January 1, 1920, by appellee Thompson, payable February 1, 1930, to the order of Federal Mortgage Company of Dallas, Tex., and to foreclose against all of the appellees a deed of trust lien on 142.5 acres of land in Johnson county, Tex., securing the payment of said note. Appellant sought personal judgment against appellee Byrne on his assumption to pay said note as a part of the consideration for the conveyance of said tract of land to him by appellee Thompson on the 11th day of April, 1921. Thompson did not answer, but Byrne answered, alleging that he had filed a voluntary petition in bankruptcy and surrendered all of his assets; that he was granted a full and final discharge from all his debts on January 25, 1926; that any obligation against him had been discharged, and that the debt sued upon was one dischargeable in bankruptcy. To this defense, appellant alleged, by way of supplemental petition, that the Merchants' Loan & Trust Company, in due course, acquired the note sued upon from the original payee, Federal Mortgage Company, March 18, 1920; that said Merchants' Loan & Trust Company received from the Federal Mortgage Company a duly executed transfer of said note and lien, of date March 18, 1920, and caused same to be recorded in the deed records of Johnson county October 5, 1920, prior to the time appellee Byrne purchased the land securing said note and assumed the payment thereof; that said Byrne had notice that the note was owned by the Merchants' Loan & Trust Company at the time he purchased the land securing the payment of said note; that said Byrne did not schedule said note as being owned by said loan company; that neither appellant nor the trust company for whom he was acting had actual notice or personal knowledge of the filing of said petition in bankruptcy, or of any proceedings incident thereto, until after this suit had been filed; that appellant and the said trust company did not have any opportunity to prove said claim in bankruptcy and participate therein; that the Federal Mortgage Company was not his agent or the agent of the Merchants' Loan & Trust Company, for whom he was acting at the time the note was purchased from the Federal Mortgage Company, or at the time the petition in bankruptcy was filed, or at the time said Byrne was discharged in bankruptcy; that the Federal Mortgage Company was adversely interested to said Merchants' Loan & Trust Company and appellant, because during all of such time the Federal Mortgage Company was the owner and holder of notes against said land secured by an inferior lien to that of appellant, and that Byrne's notice to the Federal Mortgage

*Writ of error granted.

Company could not be imputed to the loan and trust company and appellant, because of such adverse interest of the Federal Mortgage Company to that of said trust company; that appellant held the title to the note sued on for the Continental-Illinois Bank & Trust Company, successor in title by merger with the Merchants' Loan & Trust Company.

Trial was had before the court on March 21, 1930, without a jury, which resulted in judgment in favor of appellant against appellee Thompson for $11,341.15, with foreclosure of the deed of trust lien on the 142.5 acres of land against all of the appellees. Appellant was denied a personal recovery against appellee Byrne, on the ground that he was as a matter of law, released from the payment of the note sued upon by his charge in bankruptcy.

This appeal presents only one question, and that without any conflict in the evidence, viz., whether or not appellee Byrne, having named the Federal Mortgage Company in his bankruptcy schedule as the owner of the $9,400 note, after it had been transferred by said mortgage company to the Merchants' Loan & Trust Company, which had no actual or personal notice of the bankruptcy proceedings, was discharged from liability for the payment of said note.

It is conceded by appellant that, if said debt was duly scheduled under section 35, ch. 3, title 11, Bankruptcy, United States Code Annotated, the trial court properly denied appellant recovery on said note against appellee Byrne, and, to the contrary, contends (a) that, if said debt was not duly scheduled in time for proof and allowance to have been, made within the meaning of said statute, in favor of the Merchants' Loan & Trust Company, owner of said note; or (b) that if appellee failed to discharge the burden that rested upon him to show that, not only was said $9,400 note scheduled, but that the schedule contained the true name and post office address of the then owner, viz., the Merchants' Loan & Trust Company; or (c) if not known to appellee that he exercised reasonable diligence to ascertain the name and address of such owner, then judgment should have been rendered against said appellee for the amount due on said $9,400 note.

It is evident from the record that the trial judge found, as a matter of law, that, under the following undisputed facts, appellee Byrne was released from liability for the payment of said note under his discharge in bankruptcy, viz., Byrne purchased the 142.5 acres of land securing the payment of the $9,-400 note and interest coupon notes thereto attached, April 11, 1921, after said note had been transferred of record to the Merchants' Loan & Trust Company, March 18, 1920; that said appellee did not list the Merchants' Loan & Trust Company as owner of said note so as to give it an opportunity to participate in the bankruptcy proceedings; that the Merchants' Loan & Trust Company did not have actual knowledge of such bankruptcy proceedings; that appellee Byrne, after he purchased said tract of land, made regular payments, both on the coupon notes and on the commission notes, to the Federal Mortgage Company of Dallas, Tex.; that such payments were made upon notices received by him from the Federal Mortgage Company, of payments maturing on said notes; that both before and after bankruptcy appellee Byrne paid some of the interest notes to Federal Mortgage Company, each note so paid being indorsed as follows: "Pay to the order of * * * without recourse. Federal Mortgage Company, by Fred Locher, Treasurer." And further indorsed: "Pay to Federal Mortgage Company, Dallas, Texas, or order, for collection only. Illinois Merchants Trust Company of Chicago, F. E. Loomis, Cashier."

In reference to the payments so made by him and why he listed under the schedule of liabilities the Federal Mortgage Company, as owner of said note, appellee testified as follows: "I did list under the schedule of liabilities the Federal Mortgage Company of Dallas, Texas, as the payee in said note, and the reason I did this I never knew that Illinois Merchants Trust Company owned the note sued upon or had any interest in the same until the coupon notes were delivered to me after payment, and I continued to pay the notes to Federal Mortgage Company, Dallas, Texas, because they were sent to that company for collection each time."

Said appellee further testified, "I never personally gave the Illinois Merchants Trust Company, nor plaintiff Frank F. Taylor, notice of the bankruptcy." By other testimony it was conclusively shown that the Federal Mortgage Company was not the agent of appellant or his predecessor in title, the Illinois Merchants' Trust Company, at the time it purchased said note from the Federal Mortgage Company, nor at any subsequent time for any purpose other than that of handling the interest coupon notes for collection, and looking after the payment of taxes in arrears, and then only when requested specifically so to do.

Section 35, chapter 3, title 11, supra, in part reads as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (third) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

This provision is discussed at length in section 155, 3 R. C. L. 336, from which we make the following quotation as being ap-

plicable to this appeal, viz.: "The provision in the act included only those cases where there was personal notice or knowledge of the bankruptcy proceedings on the part of the creditor, as distinguished from mere imputed or constructive notice or knowledge, and the general rule that notice to an attorney is notice to his client applies only where the knowledge of the attorney is acquired while acting for the client and the information relates to a matter within the scope of his agency. While in a proper case a principal may be charged with knowledge of bankruptcy proceedings possessed by his agent, such knowledge of a creditor's agent is not imputable to the creditor where the agent's interest in the matter is adverse to that of the creditor, there being no presumption that an agent under such circumstances will import his knowledge to his principal."

In reference to this provision, the following observation is made in Collier on Bankruptcy (13 Ed.) vol. 1, p. 628, viz.: " * * * The requirement of duly scheduling the names and residences of creditors is a most important one. It is in compliance with the generally recognized principle that one shall not be barred of his claim without the opportunity of having his day in court. It is essential in order that proper notice in bankruptcy proceedings may be given. It has been construed with some strictness. The cases thus far are uniform in interpreting the words of this subdivision to mean what they say."

In the case of Birkett v. Columbia Bank, 195 U. S. 345, 25 S. Ct. 38, 40, 49 L. Ed. 231, it was held that the debt was not discharged because it was not scheduled, and the bank did not have actual notice of the bankruptcy proceedings. In commenting upon the effect that should be given said section 35, supra, it was announced that: "Actual knowledge of the proceedings, contemplated by the section, is a knowledge in time to avail a creditor of the benefits of the law,—in time to give him an equal opportunity with other creditors,—not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate, or to deprive him of dividends. The provisions of the law relied upon by plaintiff in error [makers of the note] are for the benefit of creditors, not of the debtor. That the law should give a creditor remedies against the estate of a bankrupt, notwithstanding the neglect or default of the bankrupt, is natural. The law would be, indeed, defective without them. It would also be defective if it permitted the bankrupt to experiment with it,—to so manage and use its provisions as to conceal his estate, deceive or keep his creditors in ignorance of his proceeding, without penalty to him. It is easy to see what results such looseness would permit,—what preference could be accomplished and covered by it." To the

same effect, see the following Texas authorities, viz.: Fields v. Rusk et al., 36 Tex. Civ. App. 350, 82 S. W. 331; Bogart v. Cowboy State Bank & Trust Co. (Tex. Civ. App.) 182 S. W. 678.

■ Under the undisputed facts, we think it was conclusively established that said note was not duly scheduled by appellee Byrne, in that he did not state the true name and address of the owner of said debt, made known to him by the indorsements on the interest notes paid by him prior to the time he filed his petition in bankruptcy; or at least that, had he exercised reasonable diligence, he could and would have ascertained the true name and correct address of the owner of said note before he filed his petition to be adjudged a bankrupt. Therefore, it is clear that, under the above authorities, appellee Byrne failed to state in his schedule the name and address of the owner of said note, viz., the Merchants' Loan & Trust Company of Chicago, Ill., and, having failed to show that said trust company had actual or personal knowledge of said bankruptcy proceedings, appellee was not released from liability by his discharge, but remained liable for the payment of said note in accordance with the terms of his original assumption agreement.

■ It is contended by appellee that, even conceding that he had notice before he filed his petition in bankruptcy that the Merchants' Loan & Trust Company was the owner of said note, nevertheless, as the Federal Mortgage Company was charged with notice of his bankruptcy proceedings by reason of being named as the owner of said note, the Merchants' Loan & Trust Company was also chargeable with such notice because the Federal Mortgage Company was at that time the agent of the Merchants' Loan & Trust Company, duly empowered to act for it in the matter. The undisputed evidence failed to establish that the Federal Mortgage Company had authority to act in appellee Byrne's bankruptcy proceedings for the Merchants' Loan & Trust Company; but, to the contrary, established that said mortgage company had never been the agent of said loan and trust company, other than that of a special agent for the purpose of collecting and forwarding interest payments and looking after the payment of delinquent taxes when requested so to do by said loan and trust company, and even for that purpose a general agency did not exist. Hoffmaster v. Black, 78 Ohio St. 1, 84 N. E. 423, 21 L. R. A. (N. S.) 52, 125 Am. St. Rep. 679, 14 Ann. Cas. 877; Cunningham v. McDonald, 98 Tex. 316, 83 S. W. 372; Evans-Snider-Buel Co. v. Holder, 16 Tex. Civ. App. 300, 41 S. W. 404.

■ To hold that notice of bankruptcy proceedings given to an agent should be charged to his principal, in the absence of proof establishing that the agent had authority to act

926

in such matters, or that such notice was properly communicated to the principal, would have the effect to hold that, under such notice, the agent had authority to decline or forego participation in the bankruptcy proceedings, thereby depriving the principal of a valuable right through no act in his own proper person, or by some one thereunto duly authorized to act for him. Such a ruling, we think, would contravene the spirit, if not the letter, of section 35, supra, as interpreted by the Supreme Court of the United States in Birkett v. Columbia Bank, supra.

■ Without conflict in the evidence, the following facts were established, of which appellee Byrne had due knowledge, viz.: That the Federal Mortgage Company was, from the 24th day of April, 1921, to the trial of this cause, adversely interested to the Illinois Merchants' Trust Company, in that it owned notes secured by a second deed of trust lien against the tract of land on which the prior lien existed to secure the payment of said note, which second lien would be impaired, if not entirely defeated, if the first lien and note secured thereby was established and proved for payment in Byrne's bankruptcy proceedings; therefore the general rule that notice to an agent is notice to his principal could not apply in this case. LaBrie v. Cartwright, 55 Tex. Civ. App. 144, 118 S. W. 785.

Hence we are of opinion that the trial court erred in not rendering judgment against appellee Byrne on his assumption of the payment of the $9,400 note; therefore the judgment of that court is in that respect reversed, and judgment here rendered in favor of appellant against appellee Byrne for the sum of $11,341.15, with interest thereon from November 9, 1929, at the rate of 10 per cent. per annum, for all costs of suit incurred in this and in the trial court; that said judgment be and is in all other respects affirmed.

Reversed and rendered in part; affirmed in part.

On Appellee Byrne's Motion for Rehearing.

In response to the seventh ground of said motion, viz., "This Honorable Court erred in rendering judgment against appellee Byrne for the sum of $11,341.15, because it affirmatively appears from the record that appellant foreclosed upon the land in question and evidently realized a valuable consideration from the sale of the land, and there is no credit given on the judgment and no facts to support a rendition of the judgment for the full amount of the original note and interest," we supplement our original opinion as follows:

■ That, in the event said tract of land has heretofore been or shall hereafter be sold under the foreclosure of the liens thereon, then the amount that has been or may be realized at such sale shall be credited upon said sum of $11,341.15 as of date said sale has been or may be made; that, if an order of sale has not been issued on the judgment of the lower court and sale made thereunder as provided by articles 3783, 3804 and 3808, R. S. 1925, then an order of sale shall issue out of the trial court to the sheriff or any constable of Johnson county, Tex., directing him to seize and sell said land as under execution against all of the appellees in satisfaction of the moneyed judgment against Oran Terry Thompson and H. E. Byrne, and, if the proceeds of such sale be insufficient to satisfy the judgment for said sum of $11,341.-15, interest and costs of suit, then to make the money or any balance thereof remaining out of any other property of the said Thompson and Byrne as in the case of an ordinary execution. Said motion is in all other respects overruled.

Overruled.