## HICKS et ux. v. HUGO.
### No. 1737—6170.

Commission of Appeals of Texas, Section A.
Feb. 7, 1934.

Henry Stieler and Davis & Wright, all of San Antonio, for plaintiffs in error.

William Aubrey, of San Antonio, for defendant in error.

HARVEY, Presiding Judge.

This suit was brought by the plaintiffs in error, W. D. Hicks and wife, against the defendant in error, Victor Hugo, to cancel a certain promissory note, hereinafter described. The case was tried to the court, without a jury, and judgment was rendered in favor of Hugo. The Court of Civil Appeals has affirmed that judgment. 43 S.W.(2d) 471.

The material facts are substantially as follows:

On May 4, 1925, the Wimer-Richardson Company, an investment corporation, whose place of business was in San Antonio, sold certain city lots to Mrs. Hicks. As part of the consideration for the lots, Hicks and his wife executed their negotiable promissory note, payable to the Wimer-Richardson Company, or order, for the principal sum of $8,500, due five years after date, with interest at 8 per cent. from date, payable semiannually, as evidenced by interest coupon notes, ten of which were for $297.50 each, and ten for $42.50 each. The principal note and all interest notes were payable at the office of said corporation in San Antonio. In the principal note it was expressly provided that the makers reserved the right to pay the whole, or any portion thereof in multiples of $500, on any interest paying date. The vendor's lien was expressly reserved to secure the payment of said notes. On May 12, 1925, the Wimer-Richardson Company transferred said principal note, and the ten interest notes for $297.50 each, to Lucile Wilson Hugo, guardian of the estate of her minor son, Victor Hugo. A short time later, the disabilities of the minor were duly removed, and he took charge and control of his estate, including said notes. At the time the notes were transferred to Mrs. Hugo, the Wimer-Richardson Company executed to her, as guardian, the following instrument:

"Know all men by these presents: That for and in consideration of the purchase of the notes described in Schedule 'A' hereof by Lucile Wilson Hugo, Guardian of the Estate of Victor Hugo, Minor, hereinafter styled guarantee, Wimer-Richardson and Company, a corporation domiciled in Bexar County, Texas, acting herein by and through its President, Kenneth Wimer, hereinafter styled guarantor, subject to the conditions hereinafter set forth, does hereby guarantee the said guarantee in the following:

"First: That the lien created by the instrument recited in Schedule 'B' hereof, securing the payment of the notes in said instrument and in Schedule 'A' hereof described is the first lien on the real property also therein described;

"Second: That guarantor will protect said guarantee against any loss of any of the principal of said notes described in Schedule 'A' and any interest thereon;

"Third: That guarantor will collect the principal and interest of said notes for the guarantee without charge; and

"Fourth: That such part of the security for the payment of the notes described in Schedule 'A' as may be susceptible thereof, will be insured in accordance with the provisions of the instrument described in Schedule 'B.'

"The conditions of this contract of guaranty are as follows: That should any obligor for the payment of the notes described in Schedule 'A', or any heir, legal representative, assign, or successor thereof, default in the proper performance or discharge of any condition, covenant or warranty contained in said notes or in the instrument described in Schedule 'B' hereof, the guarantor shall have the right immediately to repurchase said notes from the guarantee; and in the event that the guarantor should not elect to repurchase said notes, the guarantee will immediately declare said indebtedness due in accordance with the provisions of said instrument described in Schedule 'B' and proceed with diligence to the collection of said notes and the enforcement of said lien by an attorney mutually satisfactory to the parties hereto.

"In testimony whereof Wimer-Richardson and Company has caused these presents to be signed by its President this 12th day of May, 1925.

"Wimer-Richardson and Company,
"By [Signed] Kenneth Wimer,
Its President."

In "Schedule A" attached to the above instrument are described the notes transferred to Mrs. Hugo, as stated above. In "Schedule B" are described the deed from the Wimer-Richardson Company to Mrs. Hicks, and the deed of trust which had been executed contemporaneously with said deed, to secure said notes. On October 22, 1929, the Wimer-Richardson Company was placed in receivership and, on March 12, 1930, was adjudicated a bankrupt. The trustee in bankruptcy was impleaded in the present suit, but was later dismissed. Prior to November 4, 1929, Hicks paid to the Wimer-Richardson Company the amount of the interest notes, as they accrued, and the company, in turn, paid same to Hugo, received the notes from him, and turned them

over to Hicks. The principal note was never in the possession of the Wimer-Richardson Company after same was transferred to Mrs. Hugo, as guardian. On November 9, 1928, Hicks paid to the Wimer-Richardson Company the sum of $3,500 to be applied on the principal note. Said company accepted the payment for that purpose, gave Hicks a receipt therefor, credited Hugo with same on the company's books, but concealed from Hugo the fact that such payment had been received, and appropriated the proceeds to its own use. Hugo never consented to this payment, and, until after the company was put into receivership, did not know of it. Hicks, on the other hand, had no knowledge of the fact that the company had transferred any of the notes to another.

After the company was put into receivership, and Hicks discovered that Hugo was the holder of the principal note at the time the $3,500 was paid to the Wimer-Richardson Company, Hicks and wife brought this suit, tendered the amount which they claimed was the balance due on said note, and sought cancellation of same. In a cross-action, Hugo sought and obtained judgment for the full amount of said note, with foreclosure of the lien.

■ The plaintiffs in error claim that the facts show, as a matter of law, that the payment of the $3,500 by Hicks to the Wimer-Richardson Company on November 9, 1928, discharged the note to that extent. Considerable stress is laid on that provision of the instrument of guaranty hereinabove set out, which reads as follows: "That guarantor will collect the principal and interest of said notes for the guarantee without charge." It is not claimed that the provision implies a reserved right in the Wimer-Richardson Company to collect the notes described in the instrument. The provision, fairly construed, would hardly bear out such a claim if made. The contention is that said provision, considered along with all other undisputed circumstances in evidence, shows conclusively that the Wimer-Richardson Company was the agent of Hugo to collect all the notes. In view of the conclusion we have reached it becomes unnecessary for us to discuss this question. Merely for present purposes, we shall assume that the company had authority from Hugo to collect the principal note, without having possession of the note. That authority, however, would not include authority to waive or change any of the terms of the instrument. In respect to receiving payment, such authority would extend no further than to receive payment of the note when same was matured, and, perhaps, to receive payments which the payors, under the terms of the instrument, had the right to make before the note matured. It is to be observed that, on November 9, 1928, the date the $3,500 was received by the company from Hicks, the note was not due, and the day the sum was received by the company was not an interest paying date. Although the payors had the right, under the terms of the note, to make payments thereon in multiples of $500, on any interest paying date, they did not have the right to pay the same, or any part thereof, on the date the $3,500 was received by the Wimer-Richardson Company. The payment of said sum to the company, therefore, does not bind Hugo. Cunningham v. McDonald, 98 Tex. 316, 83 S. W. 372. Had the company held actual possession of the note when said payment was made, and nothing appeared thereon to put Hicks on notice that the company did not own it, a different question would have arisen.

■ Before closing this opinion we deem it advisable to explain an interest payment made by Hicks to the receiver on November 4, 1929. The circumstances of such payment are as follows: A day or so before the last mentioned date, and after said company had been placed in receivership, Hicks called Hugo by telephone and inquired of him as to whom the interest that was about to fall due should be paid. Hugo told him to pay it to the receiver. There was nothing said in the conversation as to the amount of interest to be paid or to indicate to Hugo that Hicks was laboring under the impression that but $5,000 of the principal note remained unpaid. Hugo knew nothing of the payment of the $3,500 which Hicks had made to the company the previous year, until December 6, 1929. Hicks, acting upon the assumption that but $5,000 of the principal note remained unpaid, paid to the receiver, on November 4, 1929, an amount of accrued interest computed on the sum of $5,000. Under these circumstances, it could not be said that Hugo ratified the act of Wimer-Richardson Company in receiving the $3,500 as a payment on the note.

We recommend that the judgment of the Court of Civil Appeals, affirming the judgment of the trial court, be affirmed.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.