HENRY P. HIGLEY ET AL. v. R. A. DENNIS ET AL.

Decided June 17, 1905.

1.—Agency—Proof of—Admissions.

Agency can not be established by the declarations of the one purporting to be the agent, nor can the admissions and statements of such a one bind the principal until the agency is established.

2.—Notes—Payment—Burden of Proof.

Where the suit was on a negotiable note indorsed to plaintiff, the burden of proof was on defendants, who set up the defense of payment, to show that the party to whom they made the payment was authorized to collect the note.

3.—Same—Possession of Note.

Where a note was payable to an investment company at its office and

was indorsed by it to plaintiff, a payment to the company discharged the note if it was at that time held by the company.

**4.—Same—Authority to Collect—Interest.**

Authority to collect the principal of a note can not be inferred from the fact of agency to collect the interest.

Appeal from the District Court of Hunt. Tried below before Hon. R. L. Porter.

*F. W. Bartlett, T. D. Starnes* and *L. L. Bowman.*—1. The holder of a negotiable note properly endorsed is presumed to have acquired the same before maturity, for a valuable consideration, and without notice of any defense thereto. Herman v. Gunter, 83 Texas, 68; Prouty v. Musquiz, 94 Texas, 87; Richse v. Bank, 84 Texas, 413, 419; Blum v. Loggins, 53 Texas, 121; 1 Daniel Neg. Inst., sec. 812.

2. It can not be inferred from the fact that an agent is authorized to collect the interest on a negotiable note that he is authorized to collect the principal. Cunningham v. McDonald, 11 Texas Ct. Rep., 418; Smith v. Kidd, 66 N. Y., 130, 23 Am. Rep., 137; Brewster v. Carnes, 103 N. Y., 586; Murphy v. Barnard, 162 Mass., 72, 36 N. E. Rep., 29; Thompson v. Kyner, 74 N. W. Rep., 52; Fletcher v. Connecticut Trust Co., 85 N. W. Rep., 59; Connecticut Trust Co. v. Trumbo, 90 N. W. Rep., 216; Consterdine v. Moore, 91 N. W. Rep., 399; Garnett v. Myers, 91 N. W. Rep., 400; Northern Counties Inv. Trust v. Edgar, 91 N. W. Rep., 402; Hagnell v. Walker, 48 S. W. Rep., 126; Biggerstaff v. Marston, 36 N. E. Rep., 785.

*Looney & Clark,* for appellees.—The judgment is correct because the proof showed that the notes sued upon were all made payable to the order of the Bunnell & Eno Investment Company; that they were endorsed by it, but at the time of the payment were back in the possession of said company, hence it must be regarded, nothing appearing to the contrary, that said company was the bona fide holder and proprietor of the bond and coupon notes and was entitled to collect the same notwithstanding the prior endorsement thereon. 23 S. W. Rep., 998; Dugan v. United States, 3 Wheat, 174; Bank v. United States, 2 Howard, 711; Daniel on Negotiable Instruments, secs. 576, 1198.

RAINEY, CHIEF JUSTICE.—Appellants Henry P. Higley and wife, Eliza M. Higley, brought this suit April 28, 1903, on a negotiable note for $700 executed by Hugh H. Tilson, payable to the Bunnell & Eno Investment Company or order, dated December 1, 1899, due December 1, 1906, bearing interest at the rate of six percent per annum according to seven annual interest coupons attached, for the sum of $42 each; principal and interest notes bearing 10 percent interest after maturity, and providing for 10 percent attorney's fee if suit should be instituted to collect the same. The principal note provided that if default should be made in the payment of any interest, then the principal sum, with all accrued interest, should, at the election of the holder, become due and payable at once. Appellants also asked for foreclosure of a mortgage lien created at the time said note was executed for the purpose of

securing payment of same. Judgment was sought against appellees H. A. and Earnest Dennis by reason of their purchase of the land covered by said mortgage lien and their assumption of said indebtedness. W. Bostick was made a defendant as the owner of an indebtedness secured by a junior lien on the same land.

Appellees Dennis answered by general denial, plea of payment and plea of estoppel; and by cross-bill they asked cancellation of appellants' mortgages, and that same be removed as clouds on their title. The case was tried before the court without a jury, and judgment was rendered against appellants, and in favor of the appellees on their cross-bill.

A disposition of the case depends upon whether or not the evidence is sufficient to show that at the time Dennis paid to the Bunnell & Eno Investment Company the amount of the note it was authorized to collect said note. If so, the judgment must be affirmed; if not, the judgment must be reversed and cause remanded.

The note in suit was made payable to the order of the Bunnell & Eno Investment Company, at its office in Philadelphia, Pennsylvania. Interest was payable annually, and besides the interest it authorized the payment of $100, or multiple thereof, on the principal at any interest paying period. The note was endorsed "Pay to the order of Eliza M. Higley, without liability except under the accompanying guaranty. The Bunnell & Eno Investment Company, Natt H. Ellis, Vice President." The note was given for part of the purchase price of land and secured by a lien thereon. The Dennis Bros. had bought the land and assumed the payment of said note. An interest paying period occurred on December 1, 1901. Dennis and brother remitted to said investment company a sum just before this date sufficient to cover the principal and interest due at that time, which was received, and in due time Dennis and brother received through the mail the interest coupon, but the investment company wrote them in effect that the contract provided that 30 days' notice of intention to pay more than the accrued interest must be given (which was not true), and as Dennis and brother had not complied therewith, the company would not receive the money as payment of the note, but would hold it subject to their order, etc. There was some correspondence between the investment company and Dennis and brother, and in the company's letters there were statements from which it might be inferred that the said company held the note for collection, but these statements were not binding on plaintiff, there being no proof that said company was the agent of plaintiff. Agency can not be established by the declarations of the one purporting to be an agent, nor can the admissions and statements of such a one bind the principal until such agency is established. (Coleman v. Colgate, 69 Texas, 88.)

The note being negotiable and endorsed to plaintiff, Eliza M. Higley, the burden was on defendants to show that the investment company was authorized to collect the note in order to obtain relief by reason of payment to said company. Mr. Daniels (Negotiable Instrumemnts, vol. 2, sec. 1230), says: "Payment of a bill or note should be made to the legal owner or holder thereof or some one authorized by him to receive it. If it be payable to bearer or endorsed in blank, any person having it in possession may be presumed to be entitled to receive payment, unless the payer has notice to the contrary, and a payment to such person will be

valid, although he may be a thief, finder, or fraudulent holder." The note was not endorsed by Eliza M. Higley. Had it so been, or had it been in the possession of the investment company, the payment to said company would have been good.

Mr. Daniels, in section 1230a, doubts the correctness of the holding in some cases that the payment to the holder of unendorsed negotiable paper is good. There are authorities to the contrary, but as the note .in this case was payable at the office of the investment company, we are inclined to the opinion that the payment in this case to said company discharged the note, provided, at the time of payment, it was held by said company.

Payment of installments of interest prior to the installment of December 1, 1901, to said company and the appropriation to the payment of the December 1, 1901, interest part of the amount remitted to said company to pay off and discharge said note, does not tend to show agency in said company to collect said note. In Cunningham v. McDonald, 11 Texas Ct. Rep., 418, it is said: "If, however, it was admitted that the corporation, acting as the agent of Cunningham, collected the interest from McDonald, that .fact would not tend to prove that it had the authority to collect the principal of the note. How can it be inferred from the agency to collect the interest that the agency to collect the note existed? The one fact does not form a basis for the presumption of the other fact." .

The evidence being insufficient to show that the investment company was authorized to collect the note or had possession thereof at the time of payment, the judgment is reversed and cause remanded.

*Reversed and remanded.*