## BOLTZ et ux. v. GRAF.
### No. 8649.

Court of Civil Appeals of Texas. San Antonio.
Oct. 14, 1931.

Rehearing Denied Dec. 2, 1931.

C. J. Matthews and Leonard Brown, both of San Antonio, for appellants.

Alvin P. Mueller and Theo. M. Janssen, both of Seguin, and Spencer, Rogers, Lewis & Slatton, of San Antonio, for appellee.

FLY, C. J.

This is an appeal from a judgment against appellants and in favor of appellee for the sum of $3,845.16, and the foreclosure of a lien on certain property. The cause was tried without a jury.

The facts show that appellants gave the note for $3,000, sued on in this case. It was in terms as follows:

"2654

"$3000.00        San Antonio, Texas, September 26, 1928.

"One years after date, for value received, I, we, or either of us, jointly and severally as principals, promise to pay to Bearer, or order, at the office of Wimer-Richardson & Company, in San Antonio, Texas, Three Thousand and no/100 Dollars, in Gold Coin of the present weight and standard, with interest thereon at the rate of seven per cent. per annum from date until maturity, payable semi-annually.

"Interest hereon is represented by two coupon notes of even date herewith, which are secured by the same lien as this principal note.

"Past due principal and interest hereon shall bear interest at the rate of ten per cent. per annum until paid.

"It is expressly agreed that in the event of default in the payment of any installment of principal or interest hereon when due, that the holder hereof may, at his option, declare this principal note and all accrued interest hereon at once due and payable without notice.

"It is expressly agreed that in the event default is made in the payment of this note after same has been declared due by exercise of the holder's option, or has matured in due course, and it is placed in the hands of an attorney for collection, or is collected through judicial, probate or bankruptcy proceedings, there shall be paid in addition hereto ten per cent. on all past due principal and interest hereon as attorney's fees.

"This is #1 of a series of five notes aggregating $15,000.00, the payment of which is secured by the terms of a deed of trust of even date herewith, executed and delivered by the makers hereof to Graham Dowdell, Trustee, for benefit of payee, duly of record in Bexar County, Texas, conveying the following described real property, to-wit:

"Lots 8 and 9 in Block 3 in Greenlawn Estates, in Bexar County, Texas, facing north on Greenlawn Drive, according to map and plat of said Greenlawn Estates, recorded in Vol. 642, page 345 of the Map and Plat Records of said county.

"Makers hereof reserve the right to pay the whole of this note on any interest paying date.

"[Signed]   L. F. Boltz,
                    "Pearl Boltz."

The note was one of a series of five notes, and there were coupon notes covering the interest as it became due. The note numbered 1 was in due course, and before maturity, purchased by appellee for value. About the time the note became due appellee placed it and one coupon for $105 in the hands of the Farmers' State Bank of Schulenburg for collection, and it was forwarded to the City Central Bank & Trust Company, at San Antonio, for collection. The note was presented at the office of Wimer-Richardson & Company. Louis F. Boltz refused to pay the note, stating that he had paid the amount of the note to Wimer-Richardson & Co. on the day before it became due. The latter denied that Boltz had paid them any money. The canceled check which had been given by Boltz to Wimer-Richardson was in evidence, as well as a receipt from them for the money. Only a few days after the check had been given by Boltz to Wimer-Richardson & Co., the latter was placed in the hands of a receiver, then placed in bankruptcy.

There can be no doubt that Boltz paid the note and interest to Wimer-Richardson & Co., and it is clear that the amount was appropriated by them, and no part of it was ever received by appellee. If Wimer-Richardson & Co. were the agents of appellee to receive the money due on the note, appellants could not be held liable to her, if her agent appropriated the money. The burden of showing that the money was paid by appellant to the agent of appellee rested on appellants. The evidence was insufficient to establish such agency. The note was not made payable to Wimer-Richardson & Co., but at the office of Wimer-Richardson & Co. There is no evidence in the record that tends to show that it was intended that the money was to be paid to Wimer-Richardson & Co., and, when Boltz made such payment to them, he assumed the risk of an appropriation of the money by them. It clearly appears that appellee did not dream of Wimer-Richardson & Co. being her agent, to receive the money due on her note, because she made no effort to place it in their hands for collection.

However, if that firm had been the agent of appellee to receive the payment, she would not be bound by a payment made before the maturity of the note. This was held in the case of Cunningham v. MacDonald, 98 Tex. 316, 83 S. W. 372, 373, in which the facts were quite similar to the facts in this case. The Supreme Court, through Judge Brown,

held: "The controversy in this case is over the right of the corporation to collect the principal of the note, and does not involve the question of the collection of the interest coupons. At the time the payment was made the note was not due, and neither did the payer have any right at that time to make payment of any part or all of it under the terms of the deed of trust. If, therefore, it be admitted that the Bunnell & Eno Investment Company was the agent of Cunningham and had authority to collect the note when it should become due, the agent had no authority to receive the payment before maturity, and the note was not discharged."

That case was cited and followed by the Court of Civil Appeals in the case of Higley v. Dennis, 40 Tex. Civ. App. 133, 88 S. W. 400. These authorities and others fully sustain the judgment of the trial court.

Appellants knew that Wimer-Richardson & Company were not the agents of the bearer of any of their notes, and in making them their agent and paying their money to them, to be paid to some unknown party, they assumed the responsibility, and they must lose. They trusted, and they, and not appellee, must suffer.

The judgment is affirmed.