## DIETZEL v. MARTIN.
### No. 1739—6594.

Commission of Appeals of Texas, Section A.
Feb. 7, 1934.

J. B. Lewright and Lewright & Lewright, all of San Antonio, for plaintiff in error.

Seth S. Searcy, of San Antonio, for defendant in error.

HARVEY, Presiding Judge.

This suit was brought by the plaintiff in error, A. L. Dietzel, against Mrs. Virginia Martin, the defendant in error, seeking cancellation of certain promissory notes hereinafter described, on the alleged ground that said notes have been paid. Mrs. Martin, by cross-action, sought recovery on the notes, but did not seek foreclosure of the deed of trust lien hereinafter mentioned. The case was tried to the court, without a jury, resulting in a judgment for Mrs. Martin for the amount of the notes. The Court of Civil Appeals affirmed that judgment. 59 S.W.(2d) 863.

The material facts are substantially as follows:

On December 6, 1926, Dietzel executed to the Wimer-Richardson Company, an investment corporation, the three notes in controversy, same being made payable to "bearer or order," at the office of said company in San Antonio, "on or before," two, three, and four years from date, respectively. The notes provided for interest from date, at the rate of 7 per cent. per annum. The interest was made payable semiannually, and was represented by coupon notes. To secure payment of the notes (along with others of the same series, which are not involved in this suit), Dietzel executed a deed of trust on certain land, to Graham Dowdell, as trustee. The deed of trust contained the following provision:

"The undersigned covenants and agrees with the trustee and the beneficiaries hereunder, that the lien of this deed of trust may be released by an instrument of writing signed either by the trustee herein or by Wimer-Richardson and Company, and that such release shall be sufficient evidence of the payment of the debt hereby secured."

About a month after said notes and deed of trust were executed, C. C. Clamp, the agent and attorney for Mrs. Martin, purchased for her the three notes in question, and the said notes, along with the interest notes, were delivered to Clamp for Mrs. Martin. This sale of the notes was negotiated by the Wimer-Richardson Company through its agent, Graham Dowdell. The files of said company, relating to said transaction, were kept in a separate container bearing the number 2358. After said company was put into receivership, in October, 1929, there was found in said container the blank printed form of an instrument of guaranty. Except the number 2358 marked on its margin, the paper contained no writing at all, and no signature. In short, the paper was simply one of the blank forms of the sort which the company customarily filled out and executed in connection with the sale of notes by the company. Among the printed matter appearing on the paper was the following guaranty provision: "That guarantor will collect principal and interest of said notes for the guarantee, without charge."

The amount of interest installments which fell due in June, 1927, was paid over by Dietzel to the Wimer-Richardson Company, and, in turn, the company paid the interest notes covering such installments. On December 1, 1927, Dietzel sold the land covered by the deed of trust, and paid to the company

the full amount of·the principal notes in controversy, with accrued interest. The company executed a release of the lien, and gave Dietzel a receipt for the money. In these instruments it was recited that the company was the owner and holder of the notes. The company appropriated the money to its own use,· and, thereafter, until the company was put into receivership in October, 1929, the company paid all interest notes as they accrued. The notes sued on were never in the possession of the Wimer-Richardson Company after they were sold to Mrs. Martin, and the latter knew nothing of the payment made by Dietzel to the company on December 1, 1927, until after the company was put into receivership.

Dietzel contends that said payment to the company discharged the notes. To sustain this contention, counsel relies partly on the provision in the blank guaranty form hereinabove quoted. It would serve no useful purpose for us to discuss that provision. The circumstances, introduced to show that an instrument of guaranty containing such clause was executed to Mrs. Martin by the company, furnished, at most, but a legal basis for a fact inference by the trial court that such an instrument was made and became effective. The judgment of the trial court implies a finding that such an instrument was never executed to Mrs. Martin.

■ With reference to the deed of trust provision hereinabove set out, we readily concede that the term "beneficiaries," as that term is used in the provision, was meant to embrace subsequent holders of the notes secured by the deed of trust. However, the provision, in terms, deals merely with the release of the lien arising under the instrument, and the effect of such release as evidence of the payment of the notes. As regards the payor of the notes, this provision plainly does not mean that such release shall operate to discharge his obligation to pay the notes in accordance with their terms. Nor does the provision reasonably imply a modification of the terms of the notes respecting their payment. It does not reasonably imply a right in the payor to make payments to the Wimer-Richardson Company for the use and benefit of subsequent holders of the notes.

■■ The further contention is made that the circumstance that the notes in suit are payable at the office of the Wimer-Richardson Company tends to show authority in that company to collect the notes. The contention

is overruled. The provision in question simply designates the place of payment.

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be affirmed.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.