**BOLTZ et ux. v. GRAF.**

**No. 1738—6171.**

Commission of Appeals of Texas, Section A.

Feb. 7, 1934.

Leonard Brown and C. J. Matthews, both of San Antonio, for plaintiffs in error.

R. F. Spencer and A. J. Lewis, both of San Antonio, and Alvin P. Mueller and Theo. M. Janssen, both of Seguin, for defendant in error.

HARVEY, Presiding Judge.

This suit was brought by the defendant in error, Mrs. Bertha Graf, against the plaintiffs in error, Louis Boltz and his wife, on a promissory note for the principal sum of $3,000 accrued interest, and attorney's fees, and for foreclosure of a deed of trust lien on certain land. The case was tried to the court, without a jury, resulting in a judgment for Mrs. Graf for the amount sued for, with foreclosure of the lien. The Court of Civil Appeals has affirmed that judgment. 43 S.W. (2d) 469.

The material facts are substantially as follows:

On September 26, 1928, Boltz and wife executed to the Wimer-Richardson Company, an investment corporation, five promissory notes for $3,000 each, payable to "bearer or order," at the office of said company in San Antonio. The notes were numbered 1 to 5, and were to mature, respectively, one, two, three, four, and five years from date, and were to bear interest from date, payable semi-annually, as evidenc-

ed by coupon notes. In each principal note, the makers reserved the right to pay same, or any part thereof, in multiples of $500, on any interest paying date. To secure the payment of said notes, Boltz and wife executed to Graham Dowdell, as trustee, a deed of trust on the land in question here. The deed of trust contained a provision regarding the release of the lien by the Wimer-Richardson Company, which provision reads the same as the one set out in Dietzel v. Martin (Tex. Com. App.) 68 S.W.(2d) 159, this day decided. Shortly afterwards, the Wimer-Richardson Company sold principal note No. 1, along with the interest notes appertaining thereto, to the Farmers State Bank at Schulenburg. This bank, in turn, sold same to Mrs. Graf. The interest note which accrued March 26, 1929, was deposited by Mrs. Graf, a few days before same fell due, with said Farmers State Bank for collection. The bank forwarded same to its correspondent bank in San Antonio, which bank collected the note, and Mrs. Graf received the money. On September 25, 1929, Boltz, knowing at the time that the Wimer-Richardson Company was not in possession of the principal note and the interest note, and was not the holder thereof, deposited a sum with said Company for the purpose of taking up the principal note in suit, and paying accrued interest. The sum so deposited was sufficient for the purpose. About the same time Mrs. Graf deposited the principal note, and the remaining interest note, with the Farmers State Bank at Schulenburg, for collection. The notes were duly forwarded by that bank to its correspondent bank and the latter presented same, on September 26, 1929, to the Wimer-Richardson Company and was told that Boltz had made no arrangement for the payment of the note or interest. The company appropriated to its own use the money which it had received from Boltz. On October 22, 1929, the Wimer-Richardson Company was put into receivership and subsequently adjudicated a bankrupt.

Boltz claims that the sum received by the Wimer-Richardson Company, discharged the notes sued on. The grounds upon which this contention is based are discussed and disposed of in Dietzel v. Martin this day decided. The contention is overruled for the reasons there shown. Boltz further complains of the action of the trial court in excluding the testimony of the cashier of the Farmers State Bank, to the following effect: That when the bank purchased from Wimer-Richardson Company the notes in question,

the Company gave the bank a written guaranty. The provisions of the instrument are in all material respects the same as the one set out in Hicks v. Hugo (Tex. Com. App.) 68 S. W.(2d) 160, this day decided. This testimony, including the instrument offered in connection therewith, was not admissible against Mrs. Graf, for any purpose. In the first place, the rights of the bank, under the instrument, were not assignable; and, in the second place, the undisputed testimony shows that Mrs. Graf, prior to this controversy, never knew that the instrument existed.

We recommend that the judgment of the trial court, and the judgment of the Court of Civil Appeals affirming same, be affirmed.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.